```
 1  KEVIN V. RYAN (CSBN 118321)
    United States Attorney
 2
    EUMI L. CHOI (WVBN 0722)
 3  Chief, Criminal Division

 4  MARK L. KROTOSKI (CSBN 138549)
    Assistant United States Attorney
 5
      150 Almaden Boulevard, Suite 900
 6    San Jose, California 95113
      Telephone: (408) 535-5035
 7    Facsmile:  (408) 535-5066

 8  Attorneys for Plaintiff
```

**FILED**

JUL 1 4 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | No. CR 05-00445-RMW |
|   Plaintiff,                        ) | |
|                                     ) | STIPULATION REGARDING |
|   v.                                ) | EXCLUDABLE TIME AND [~~PROPOSED~~] |
|                                     ) | ORDER |
| DAVID M. FISH,                      ) | |
|    aka x000x,                       ) | |
| CHIRAYU PATEL,                      ) | |
|    aka nebula, aka nebwrk, aka aluben, ) | |
|    aka notneb, aka aluben,          ) | |
| WILLIAM VEYNA,                      ) | |
|    aka guyzzz, aka _-_-_, aka 1010101, ) | |
|    aka 5555, aka i_love_dact, aka 8675309, ) | |
| NATHANIEL E. LOVELL,                ) | |
|    aka Nate Lovell, aka pestilenc, aka pest, ) | |
|                                     ) | |
|   Defendants.                       ) | |

It is hereby stipulated and agreed between defendant David M. Fish, defendant Chirayu Patel, defendant William Veyna, and defendant Nathaniel E. Lovell, and through their undersigned counsel, and the United States as follows:

On July 14, 2005, the defendants were arraigned on a nine-count indictment, charging as follows: Count One: Conspiracy to Commit Criminal Copyright Infringement, Infringement By

STIPULATION REGARDING EXCLUDABLE TIME AND [PROPOSED] ORDER
CR 05-00445-RMW

Electronic Means, Infringement By Distributing A Commercial Distribution Work, Traffic in Devices to Circumvent a Technological Measure that Protects a Copyright Work, Circumvent a Technological Measure that Protects a Copyright Work, and Use Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works, in violation of 18 U.S.C. § 371; Count Two: Circumventing a Technological Measure Protecting a Copyright Work and Aiding and Abetting, in violation of 17 U.S.C. §§ 1201(a)(1)(A), 1204(a)(1), and 18 U.S.C. § 2; Counts Three, Four and Five: Trafficking in Technology Primarily Designed to Circumvent Technological Measures Protecting A Right of a Copyright Owner and Aiding and Abetting, in violation of 17 U.S.C. §§ 1201(a)(2)(A), and 1204(a)(1) and 18 U.S.C. § 2; Counts Six, Seven, Eight and Nine: Criminal Copyright Infringement By Electronic Means and Aiding and Abetting, in violation of 17 U.S.C. § 506(a)(1)(B), 18 U.S.C. § 2319(c)(1) and 18 U.S.C. § 2; and an allegation of Criminal Forfeiture and Destruction, in violation of 17 U.S.C. §§ 506(b) and 509(a). A status conference was set for ~~August~~ September 26, 2005 at 9:00 a.m. before the Honorable Ronald M. Whyte.

In this case, the government is providing initial discovery to the defense. A substantial amount of discovery consists of digital evidence. The parties stipulate and move the Court to exclude time under the Speedy Trial Act from the date of the arraignment, July 14, 2005, until the next status conference on ~~August~~ September 26, 2005, because the parties believe that the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial, particularly since reasonable time is needed for the defense to prepare for pretrial and trial matters, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii). The parties further stipulate that time may be excluded for reasonable time for defense preparation,

// // //

// // //

STIPULATION REGARDING EXCLUDABLE TIME AND [PROPOSED] ORDER
CR 05-00445-RMW                Page 2 of 4

| | |
|---|---|
| 1 | since the failure to exclude time would deny counsel for the defendant reasonable time necessary |
| 2 | for effective preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. |
| 3 | §§ 3161(h)(8)(A), 3161(h)(8)(B)(iv). |
| 4 | So stipulated. |

Dated: July 14, 2005

KEVIN V. RYAN
United States Attorney

_/s/ Mark L. Krotoski_
MARK L. KROTOSKI
Assistant United States Attorney

So stipulated.

Dated: July 14, 2005

_/s/ Jesse Garcia_
JESSE GARCIA
Attorney for Defendant Patel

So stipulated.

Dated: July 14, 2005

_____
Attorney for Defendant Fish

So stipulated.

Dated: July 14, 2005

_/s/ David E. Kenner_
David E. Kenner
Attorney for Defendant Veyna

So stipulated.

Dated: July 14, 2005

_/s/ Matthew J. Jacobs_
Matthew J. Jacobs
Attorney for Defendant Lovell

## ORDER

Based upon the foregoing Stipulation and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the time between July 14, 2005 and September 17, 2005 shall be excluded from the computation period within which the trial must commence, for the reasons and based upon the statutory provisions set forth by the parties in this Stipulation, including that time is needed for effective defense preparation.. The Court finds that the ends of justice outweigh the interests of the public and the parties in a speedier trial based upon the grounds set forth above.

DATED: July 14, 2005

_____
HOWARD R. LLOYD
United States Magistrate Judge