KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

MARK L. KROTOSKI (CSBN 138549)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5035
   FAX: (408) 535-5081

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED -10/13/05*

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00445-RMW |
|    Plaintiff, | ORDER AFTER HEARING EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| CHIRAYU PATEL, <br>    aka nebula, aka nebwrk, aka aluben, <br>    aka notneb, aka aluben, <br> NATHANIEL E. LOVELL, <br>    aka Nate Lovell, aka pestilenc, aka pest, | |
|    Defendants. | |

On October 3, 2005, the above-captioned case came on for a status conference hearing. Defendant Chirayu Patel, who was present, is represented by defense attorney Jesse J. Garcia, who was not present and was reported to be unavailable in traffic after the case was called a couple of times. Defendant Nathaniel E. Lovell was not present but was presented by defense attorney Jack Gordon. The United States was represented by Assistant U.S. Attorney Mark L. Krotoski.

At the hearing, the Court set a status conference for November 14, 2005 at 9:00 a.m., which was the same date previously set for a status hearing for defendant David M. Fish (who

ORDER AFTER HEARING EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT
CR 05-00445 RMW

1  requested more time to meet with his counsel and review the discovery) and William Veyna
2  (who requested more time to review discovery and whose counsel recently underwent surgery).
3       The parties agreed and the Court independently found that time should be excluded under the
4  Speedy Trial Act from October 3, 2005 until November 14, 2005, for continuity of counsel, and
5  to allow counsel time to prepare for trial, pursuant to 18 U.S.C. §§ 3161(h)(8)(A),
6  3161(h)(8)(B)(iv) (reasonable time necessary for effective preparation taking into account the
7  exercise of due diligence and continuity of counsel).  Additionally, the court excluded time so
8  that the matters pertaining to defendants Patel and Lovell could be considered with defendants
9  Fish and Veyna, pursuant to 18 U.S.C. §§ 3161(h)(7) (reasonable time necessary when the
10 defendant is joined with a codefendant as to whom the time for trial has not run and no motion
11 for severance has been granted).
12      Specifically, the ends of justice served by the granting of such continuance outweigh the best
13 interests of the public and the defendant in a speedy trial, after considering the relevant factors:
14    (i)  The failure to grant such a continuance in the proceeding would be likely to result in a
15        miscarriage of justice since the defense needs reasonable time to prepare for trial and
16        pursue other investigation, particularly given the discovery provided (including a
17        voluminous amount of digital evidence), and the number of witnesses involved in the
18        case;
19   (ii)  The failure to grant such a continuance would deny counsel for the defendant reasonable
20        time necessary for effective preparation, taking into account the exercise of due
21        diligence;
22  (iii)  The request for the exclusion of time is also based on continuity of counsel, as defense
23        counsel has required sufficient time for pending medical matters, and the government
24        concurs that time is warranted and appropriate for these matters under the circumstances;
25   (iv)  The request for the exclusion of time is reasonable and specifically limited in time until
26        the jury trial set for November 14, 2005, after allowing time for the filing of any pretrial
27        briefs, and providing reasonable time for investigation and preparation.
28      For the foregoing reasons, the ends of justice served by the granting of such continuance

1  outweigh the best interests of the public and the defendant in a speedy trial, and given that the
2  defense needs reasonable time necessary for effective preparation, taking into account the
3  exercise of due diligence.  18 U.S.C. S 3161(h)(8)(A).
4       This written order memorializes the oral rulings of the Court made on October 3, 2005.
5  Dated: October __13_, 2005

7                                    /S/ RONALD M. WHYTE
                                RONALD M. WHYTE
8                                  United States District Judge